## IN THE UNITED STATES DISTRICT COURT OF
## THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SGC LAND, L.L.C.** | § | **CIVIL ACTION NO.** _____ |
| | § | |
| **VS.** | § | |
| | § | **JUDGE** _____ |
| **LOUISIANA MIDSTREAM GAS** | § | |
| **SERVICES, L.L.C., CHESAPEAKE** | § | |
| **OPERATING, INC. and CHESAPEAKE** | § | |
| **LOUISIANA, L.P.** | § | **MAGISTRATE JUDGE** _____ |

### LOUISIANA MIDSTREAM GAS SERVICES, L.L.C., CHESAPEAKE
### OPERATING, INC. AND CHESAPEAKE LOUISIANA, L.P.'S
### ORIGINAL ANSWER, DEFENSES AND RECONVENTIONAL DEMAND

NOW INTO COURT, through undersigned counsel, comes Defendants Louisiana Midstream Gas Services, L.L.C., Chesapeake Operating, Inc. and Chesapeake Louisiana, L.P. (collectively, "Chesapeake") and files this Original Answer and Defenses to the Original Petition filed by SGC Land, L.L.C. ("Plaintiff"). Chesapeake denies each and every allegation contained in Plaintiff's Original Petition unless specifically admitted hereinafter, and respectfully represents as follows:

### 1.

Chesapeake admits the allegations contained in Paragraph 1 of Plaintiff's Original Petition.

### 2.

Chesapeake does not have sufficient information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Original Petition.

### 3.

Paragraph 3 of Plaintiff's Original Petition refers to an Oil, Gas and Mineral Lease, dated March 7, 2008. Presumably, the referenced lease is in writing and is therefore the best evidence

of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 3 of Plaintiff's Original Petition.

4.

Paragraph 4 of Plaintiff's Original Petition refers to an Assignment of Oil and Gas Leases, dated February 15, 2008.  Presumably, the referenced assignment is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 3 of Plaintiff's Original Petition.  Chesapeake does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 4 of Plaintiff's Original Petition.

5.

Chesapeake denies as written the allegations contained in Paragraph 5 of Plaintiff's Original Petition.

6.

Chesapeake denies as written the allegations contained in Paragraph 6 of Plaintiff's Original Petition.

7.

Paragraph 7 of Plaintiff's Original Petition refers to a Surface Damage Release and Grant of Surface Easement, dated March 12, 2009.  Presumably, the referenced agreement is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 7 of Plaintiff's Original Petition.  Chesapeake does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 7 of Plaintiff's Original Petition.

8.

Chesapeake denies as written the allegations contained in Paragraph 8 of Plaintiff's Original Petition.

9.

Paragraph 9 of Plaintiff's Original Petition refers to an Easement and Right of Way Agreement, entered into on or about July 22, 2009.  Presumably, the referenced agreement is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 9 of Plaintiff's Original Petition.  Chesapeake does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 9 of Plaintiff's Original Petition.

10.

Paragraph 10 of Plaintiff's Original Petition refers to a lease.  Presumably, the referenced lease is in writing and is the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 10 of Plaintiff's Original Petition.

11.

Paragraph 11 of Plaintiff's Original Petition refers to a lease.  Presumably, the referenced lease is in writing and is the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 11 of Plaintiff's Original Petition.

12.

Chesapeake denies the allegations contained in Paragraph 12 of Plaintiff's Original Petition.

13.

Chesapeake denies the allegations contained in Paragraph 13 of Plaintiff's Original Petition and specifically denies any and all allegations that it violated the lease agreement.

14.

Chesapeake denies the allegations contained in Paragraph 14 of Plaintiff's Original Petition and specifically denies any and all allegations that it violated the lease agreement.

15.

Chesapeake denies the allegations contained in Paragraph 15 of Plaintiff's Original Petition.

16.

Chesapeake denies the allegations contained in Paragraph 16 of Plaintiff's Original Petition and specifically denies any and all allegations that it violated the lease agreement.

17.

Paragraph 17 of Plaintiff's Original Petition refers to a letter.  Said letter is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the document, Chesapeake denies the allegations contained in Paragraph 17 of Plaintiff's Original Petition.

18.

Chesapeake denies the allegations contained in Paragraph 18 of Plaintiff's Original Petition and specifically denies any and all allegations that it violated the lease agreement.

19.

Chesapeake denies the allegations contained in Paragraph 19 of Plaintiff's Original Petition and specifically denies any and all allegations that it violated the lease agreement. As to the remaining allegations, Chesapeake denies the allegations contained in Paragraph 19 of Plaintiff's Original Petition.

20.

The allegations contained in Paragraph 20 of Plaintiff's Original Petition constitute conclusions of law and therefore require no response from Chesapeake. To the extent that any response may be required, Chesapeake denies the allegations contained in Paragraph 20 of Plaintiff's Original Petition.

21.

Paragraph 21 of Plaintiff's Original Petition refers to a Right of Way agreement. Presumably, the referenced agreement is in writing and is therefore the best evidence of its terms. To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 21 of Plaintiff's Original Petition.

22.

Paragraph 22 of Plaintiff's Original Petition refers to a Right of Way agreement. Presumably, the referenced agreement is in writing and is therefore the best evidence of its terms. To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 22 of Plaintiff's Original Petition.

23.

Paragraph 23 of Plaintiff's Original Petition refers to a Right of Way agreement. Presumably, the referenced agreement is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 23 of Plaintiff's Original Petition.  As to the remaining allegations, Chesapeake denies the allegations contained in Paragraph 23 of Plaintiff's Original Petition and specifically denies any and all allegations that it engaged in any trespass.

24.

Chesapeake denies the allegations contained in Paragraph 24 of Plaintiff's Original Petition and specifically denies any and all allegations that it violated the lease agreement.

25.

The allegations contained in Paragraph 25 of Plaintiff's Original Petition constitute conclusions of law and therefore require no response from Chesapeake.  To the extent that any response may be required, Chesapeake denies the allegations contained in Paragraph 25 of Plaintiff's Original Petition.

26.

The allegations contained in Paragraph 26 of Plaintiff's Original Petition constitute conclusions of law and Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Chesapeake denies the allegations contained in Paragraph 26 of Plaintiff's Original Petition and denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

27.

Paragraph 27 of Plaintiff's Original Petition refers to a Right of Way agreement. Presumably, the referenced agreement is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the provisions of this writing, Chesapeake denies the allegations contained in Paragraph 27 of Plaintiff's Original Petition.  As to the remaining allegations, Chesapeake denies the allegations contained in Paragraph 27 of Plaintiff's Original Petition and specifically denies any and all allegations that it engaged in any trespass.

28.

Chesapeake denies the allegations contained in Paragraph 28 of Plaintiff's Original Petition.

29.

Paragraph 29 of Plaintiff's Original Petition refers to a written request.  Said request is in writing and is therefore the best evidence of its terms.  To the extent that Plaintiff asserts allegations in contradiction to the document, Chesapeake denies the allegations contained in Paragraph 29 of Plaintiff's Original Petition.

30.

The allegations contained in Paragraph 30 of Plaintiff's Original Petition constitute conclusions of law and Plaintiff's request for relief, to which no response is required.  To the extent a response is required, Chesapeake denies the allegations contained in Paragraph 30 of Plaintiff's Original Petition and denies that Plaintiff is entitled to the requested relief, or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Chesapeake asserts the following defenses to the allegations contained in Plaintiff's Original Petition:

### 31.

Plaintiff's Original Petition fails to state a claim against Chesapeake upon which relief can be granted.

### 32.

Plaintiff's claims are barred by the doctrines of waiver, ratification, and estoppel.

### 33.

Chesapeake pleads the provisions of all contracts, leases, and agreements with Plaintiff as if copied *verbatim* and *in extenso* herein.

### 34.

Chesapeake reserves the right to file additional defenses, affirmative defenses, and claims, including, but not limited to, counterclaims, cross claims, and/or claims against third parties as further discovery in this matter may warrant or require.

## RECONVENTIONAL DEMAND

**AND NOW APPEARING AS PLAINTIFF IN RECONVENTION**, Louisiana Midstream Gas Services, L.L.C., Chesapeake Operating, Inc. and Chesapeake Louisiana, L.P. (collectively, "Plaintiffs in Reconvention") assert the following reconventional demand against SGC Land, L.L.C. ("Defendant in Reconvention") and aver that:

### 1.

Defendant in Reconvention has sought relief from this Court and prayed that the Oil, Gas and Mineral Lease dated March 7, 2008 and recorded in Book 941, Page 761 of the Conveyance

Records of DeSoto Parish Louisiana ("Lease") and the Easement and Right of Way Agreement entered into on or about July 22, 2009 between Smithburg, Inc. and Louisiana Midstream Gas Services, L.L.C. ("Agreement") be adjudged and declared cancelled, terminated or extinguished.

2.

In the event that any such relief is granted to Defendant in Reconvention (which relief Plaintiffs in Reconvention expressly aver is not due or owing), then Defendant in Reconvention is liable for reimbursement of all well costs, pipeline costs, drilling and production costs, construction costs, value of equipment, facilities, and improvements, and other such expenses and costs incurred by Plaintiffs in Reconvention in connection with the development of said Lease and Agreement, including recovery of a risk fee pursuant to La. R.S. 30:10, Civil Code articles 487, 488, and 497, unjust enrichment, detrimental reliance, and other rights of reimbursement under the law.

WHEREFORE, Defendants/Plaintiffs in Reconvention Louisiana Midstream Gas Services, L.L.C., Chesapeake Operating, Inc. and Chesapeake Louisiana, L.P. pray that:

(1)     its Answer be deemed good and sufficient, and after due proceedings are had, that there be judgment in its favor, and against Plaintiff/Defendant in Reconvention. Additionally, Louisiana Midstream Gas Services, L.L.C., Chesapeake Operating, Inc. and Chesapeake Louisiana, L.P.  request that Plaintiff/Defendant in Reconvention be ordered to pay its attorneys' fees and costs in this proceeding;

(2)     its reconventional demand be filed and that in the event that Plaintiff/Defendant in Reconvention succeed on their claims, Louisiana Midstream Gas Services, L.L.C., Chesapeake Operating, Inc. and Chesapeake Louisiana, L.P. recover

judgment against Plaintiff/Defendant in Reconvention in such sum as is reasonable, with interest, costs, and judicially awarded attorneys' fees; and

(3)   Plaintiff/Defendant in Reconvention be duly cited and served with a copy of these Answer, Defenses, and Reconventional Demand.

Pursuant to Code of Civil Procedure article 1733, Chesapeake hereby demands a trial by jury.  Chesapeake will post the required bond upon notice from the Court of the fixing of the bond pursuant to Code of Civil Procedure article 1734.

RESPECTFULLY SUBMITTED,

JONES, WALKER, WAECHTER, POITEVENT,
CARRÈRE & DENÈGRE, L.L.P.

_____
MICHAEL B. DONALD (Bar No. 16891)
JOSHUA A. NORRIS (Bar No. 32912)
JPMorgan Chase Tower
600 Travis Street, Suite 6601
Houston, Texas 77002
Telephone No.: (713) 437-1800
Facsimile No.:  (713) 437-1810
Email: mdonald@joneswalker.com
Email: jnorris@joneswalker.com

*Attorneys for Defendants*
*Louisiana Midstream Gas Services, L.L.C.,*
*Chesapeake Operating, Inc. and*
*Chesapeake Louisiana, L.P.*

**PLEASE SERVE DEFENDANT IN RECONVENTION**
*SGC Land, L.L.C., through its attorneys of record:*
Phillip E. Downer, III
M. Amy Burford McCartney
Downer, Huguet, Wilhite, L.L.C.
Regions Center
333 Texas Street, Suite 1325
Shreveport, Louisiana 71101

{HD023166.1}                     10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 30th day of November, 2010, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system and a copy of the foregoing pleading has been certified mail, return receipt requested to all attorneys of record as follows:

> Phillip E. Downer, III
> M. Amy Burford McCartney
> Downer, Huguet, Wilhite, L.L.C.
> Regions Center
> 333 Texas Street, Suite 1325
> Shreveport, Louisiana 71101

SIGNED this  30th day of November 2010.

_____
Michael B. Donald