**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| SGC LAND, LLC | CIVIL ACTION NO. 10-1778 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA MIDSTREAM GAS SERVICES, CHESAPEAKE OPERATING, INC., AND CHESAPEAKE LOUISIANA, LP | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this Court is a Motion for Reconsideration (Record Document 129) filed on behalf of SGC Land, L.L.C. and Smithburg, Inc. ("Plaintiffs"). Plaintiffs move for reconsideration of the Court's March 28, 2013 Memorandum Ruling and Order which granted Defendants' Motion for Summary Judgment and denied Plaintiffs' Motion for Partial Summary Judgment. Specifically, Plaintiffs seek a ruling from this Court reconsidering its Memorandum Order based on their belief that the Court committed errors of fact and law in holding that Defendants were not in bad faith. See Record Document 129-1 at 2. Plaintiffs also contend that the Court expanded the rights of the Defendants by granting greater rights to Midstream than originally granted by Plaintiffs in the Easement and Right of Way Agreement. Id. at 6. Defendants, Louisiana Midstream Gas Services, L.L.C., Chesapeake Operating, Inc., and Chesapeake Louisiana, L.P. oppose the motion. For the reasons stated herein, Plaintiffs' Motion for Reconsideration is **GRANTED in part** and **DENIED in part.**

**LAW AND ANALYSIS**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, *per se*, however, such motions are typically treated as motions to alter or amend under Rule 54(b). See S. Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc., 2013 WL 392582, *10 (E.D. La. Jan. 31, 2013); Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp., 259 F.Supp.2d 471, 474-75 (M.D. La. 2002).  Under Rule 54(b), the Court is given broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e).... Though less exacting, courts have looked to the kinds of consideration under those rules for guidance." Livingston Downs, 259 F.Supp.2d at 475 (internal citations omitted). Generally, a motion to alter or amend a judgment, filed under Rule 59(e) may be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. " In the Matter of Self, 172 F. Supp. 2d 813, 815-16 (W.D. La. 2001) (citing 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1).

As an initial matter, this Court previously held that Chesapeake was entitled to a predial servitude of the reasonable area surrounding the pipeline located outside the agreed upon right of way between Midstream and Smithburg based on La. C.C. art. 670. Record Document 127 at 13.  After a full review of the briefs, case law, and relevant contractual provisions, the Court concurs with Plaintiffs' argument that the Court inadvertently granted a greater scope of rights to Midstream and/or Defendants than that

initially bargained for in the "Easement and Right of Way Agreement" entered into on July 22, 2009, and therefore, the ruling must be amended. The Court's Memorandum Ruling and Order [Record Document 127 and 128] are hereby amended to hold that Midstream, the original holder of the Easement and Right of Way Agreement, is entitled to the same personal servitude over the land now occupied by the pipeline as was originally granted in the "Easement and Right of Way Agreement."

Plaintiffs also make several arguments with respect to whether Defendants were in bad faith in its construction and operation of the pipeline at issue. First, Plaintiffs argue that Defendants, at the very least, ceased to be in good faith on November 8, 2010, the day this lawsuit was filed. However, the definition of good faith found in Louisiana Civil Code article 487 and Lamson Petroleum Corp. v. Hallwood Petroleum Inc., 2001-1201 (La. App. 3rd Cir. 12/31/02), 843 So. 2d 424, 426, are not applicable to encroachment under the provisions of Art. 670. See Bushnell v. Artis, 445 So. 2d 152, 154 (La. App. 3rd Cir. 1984); Winingder v. Balmer, 632 So. 2d 408, 413 (La. App. 4th Cir. 1994). The provision in article 487, in which the possessor "ceases to be in good faith when an these defects are made known to him or an action is instituted against him by the owner for the recovery of the thing," is not controlling. Accordingly, in this context, notice of the deviation at issue after the pipeline was substantially completed or the filing of the instant lawsuit does not does not automatically defeat Defendants' good faith.

Plaintiffs also contend that summary judgement is inappropriate for matters of subjective intent such as good faith. As stated in this Court's previous ruling, Plaintiffs have not presented any evidence showing legal bad faith on the part of Midstream/Chesapeake in the construction or operation of the pipeline. Midstream specifically negotiated an

agreement with the Plaintiffs for the purpose of transporting third-party gas and attempted to construct the pipeline in accordance with such. The minor course variation at issue in the pipeline's actual location was not the subject of the complaint by Mr. Smith while the route was surveyed. See Record Document 118-2. Plaintiffs have not provided any evidence demonstrating any advantages or financial incentives which might motivate purposeful deviation of four feet from the agreed upon right of way. Furthermore, Defendants did not receive any additional profits attributable to the placement of the pipeline slightly outside the planned path. Ultimately, a review of the entire record reveals an inadvertent surveying mistake, and based on the lack of evidence of bad faith on the part of Defendants, no reasonable juror could find that any Defendant acted in bad faith in its role in either the construction or operation of the pipeline. Accordingly, the Court declines to withdraw or amend its previous Memorandum Ruling and Order with respect to the findings concerning Defendants' legal bad faith.

Here, construction of the pipeline was authorized under the Lease. Therefore, Defendants were not trespassing onto Plaintiffs' land when they constructed the pipeline. Rather, the legal issue in this case was whether the transportation of third-party gas was permitted in the pipeline because of its slight deviation from the designated path in the "Easement and Right of Way Agreement" which specifically authorized the flow of third-party gas. In crafting a remedy, the Court declined to classify the exact nature of this technical violation i.e., breach of contract, encroachment, or a technical trespass, as Plaintiffs were not entitled to a disgorgement of profits regardless of the nature of the violation due to the lack of any evidence of legal bad faith or actual damages. Ultimately, in granting the servitude, the Court looked to the legal doctrine of encroachment and

required Defendants to pay fair compensation and any actual damages suffered by Plaintiffs due to the pipeline's actual location. However, as pointed out by Defendants, this same remedy would also be supported under Louisiana Civil Code article 1986 if the inadvertent deviation was alternatively classified as breach of contract. The denial of Plaintiffs' request for a disgorgement of profits was therefore appropriate.

## CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Record Document 129) be and is hereby **GRANTED in part** and **DENIED in part.** This Court's Memorandum Ruling and Order (Record Document 127 and 128 ) are **AMENDED** to hold that Midstream, the original holder of the Easement and Right of Way Agreement, is entitled to the same type of servitude over the land now occupied by the pipeline as was granted in the "Easement and Right of Way Agreement." However Midstream and/or Defendants are obligated to pay fair compensation for the value of this servitude in addition to any actual damages suffered from the deviation. The Court further declines to withdraw or amend all other aspects of the Ruling and Order.

An Order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 3rd day of August, 2013.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE